UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 17, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Caitrin M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-2785-BAH

Dear Counsel:

On October 28, 2022, Plaintiff Caitrin M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case, ECF 8, the parties' dispositive briefs, ECFs 9 and 11, and Plaintiff's reply brief, ECF 12. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

### I.  PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on January 31, 2020,[1] alleging a disability onset of July 10, 2019. Tr. 15, 182–83. Plaintiff's claim was denied initially and on reconsideration. Tr. 96–106, 108–12. On November 1, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31–63. Following the hearing, on November 10, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 15–25. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §

---

[1] The application lists Plaintiff's application date as February 5, 2020. Tr. 182. Because the ALJ and the parties use January 31, 2020, as the application date, *see* Tr. 15, ECF 9, at 1, ECF 11, at 2, the Court will also use that date.

[2] 42 U.S.C. §§ 301 et seq.

404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 10, 2019, the alleged onset date." Tr. 17. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "anxiety disorder, depressive disorder, and attention deficit hyperactivity disorder (ADHD)." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of degenerative disc disease, spondylosis, myofascial pain syndrome, and obstructive sleep apnea. Tr. 17–18. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18. The ALJ also determined that Plaintiff had moderate limitations in three of the four broad areas of mental functioning, including (1) interacting with others, (2) concentrating, persisting, or maintaining pace ("CPP"), and (3) adapting or managing oneself. Tr. 19. In understanding, remembering, or applying information, the ALJ determined Plaintiff had only a mild limitation. *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations – the claimant: can understand, remember and carry out simple and routine instructions for in 2-hour increments, over an 8-hour workday, in the course of a 40-hour workweek or equivalent schedule; can tolerate occasional interaction with coworkers, supervisors and the general public; can perform work that is independent in nature, as opposed to tandem or team based; and can adapt to routine changes in a simple work environment.

Tr. 20. After considering testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff was unable to perform past relevant work as a community organization worker (DOT[3] Code 195.167-010), a fellowship researcher (DOT Code 199.267-034), and a fundraiser (DOT Code 293.157-010) but could perform other jobs that existed in significant numbers in the national

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

economy, including stores laborer (DOT Code 922.687-058), cleaner/housekeeper (DOT Code 323.687-014), merchandise maker (DOT Code 09.587-034), and routing clerk (DOT 222.687-022). Tr. 23–24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

### III.  LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff argues that the ALJ's decision "fail[ed] to comply with . . . *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)." ECF 9, at 8. Specifically, Plaintiff avers that, after having determined at step three that Plaintiff had a moderate CPP limitation, the ALJ failed to either include a "corresponding limitation in the RFC assessment or explain why no such limitation is necessary." *Id.* at 11. Defendant counters that "the findings an ALJ renders at steps two and three do not necessarily require any particular, pre-set RFC findings." ECF 11, at 5. Instead, Defendant argues that under *Mascio* and *Shinaberry v. Saul*, 952 F.3d 113 (4th Cir. 2020), the ALJ's decision was proper "because the ALJ engaged in a detailed discussion about Plaintiff's mental limitations in light of the evidence in her case," including the determination that Plaintiff can carry out simple and routine instructions for 2-hour increments, and "explained why the record did not support additional work-related mental limitations." *Id.* at 5–7.

In considering Plaintiff's argument, the Court is guided by *Mascio* and *Shinaberry*. In *Mascio*, the Fourth Circuit ordered remand to the SSA "because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ

determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace." *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *3 (D. Md. July 18, 2017) (citing *Mascio*, 780 F.3d at 637–38).[4] *Mascio* unambiguously states that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Talmo v. Comm'r, Soc. Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015) (citing *Mascio*, 780 F.3d at 638).

The Fourth Circuit clarified *Mascio* in the subsequent decision *Shinaberry*, which rejected "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." 952 F.3d at 121. "On the contrary," the Court affirmed that remand is not required when an "'ALJ can explain why [a claimant's] moderate limitation in CPP at step three does not translate into a limitation' in the claimant's RFC." *Id.* (quoting *Mascio*, 780 F.3d at 638). Though the ALJ in *Shinaberry* did not include a limitation in the RFC that corresponded with the claimant's moderate CPP limitation, the Fourth Circuit found remand improper because the ALJ sufficiently explained that the claimant's moderate CPP limitation, which stemmed from a "lifelong, borderline intellectual disability," did not affect her ability to work as she had maintained a 20-year work history despite suffering the limitation. *Id.* at 122. Thus, post-*Mascio* and its progeny, "an ALJ may account for a moderate CPP limitation with an RFC determination that a claimant can complete simple, routine tasks provided the conclusion is supported by substantial evidence." *Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960, at *2 (D. Md. Nov. 18, 2021) (citing *Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017); *Shinaberry*, 952 F.3d at 121–22).

Here, as in *Mascio*, the ALJ determined at step three that Plaintiff has a moderate CPP limitation. Tr. 19. The ALJ purported to account for this limitation by stating in the RFC that Plaintiff "can understand, remember and carry out simple and routine instructions for 2-hour increments, over an 8-hour workday, in the course of a 40-hour workweek or an equivalent schedule." Tr. 20. This limitation is inadequate. First, the accommodation for Plaintiff's moderate CPP limitation—confining Plaintiff to "carrying out simple and routine instructions"—is

---

[4] The functional area of "concentration, persistence, or pace refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. As this Court has acknowledged, "[t]he regulations, however, offer little guidance on the meaning of 'moderate' limitations." *McDonald*, 2017 WL 3037554, at *3.

analogous to the accommodation that was flatly rejected in *Mascio*.[5] Tr. 20; *Mascio*, 780 F.3d at 638 (citing *Winschel*, 631 F.3d 1180). The other accommodation—limiting Plaintiff to working in only two-hour increments—has been similarly rejected by this Court as insufficient to account for a claimant's moderate CPP limitations because breaks at two-hour intervals are customary even for those without limitations. *See Richardson v. Berryhill*, No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018) ("The ALJ's finding that [claimant] can perform work in two-hour increments with normal breaks does not adequately account for her ability to concentrate and stay on task."); *Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (noting that the ALJ's "restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation"); *see id.* (citing Social Security Ruling 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) for the proposition that "a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks"). Thus, unless the ALJ adequately explained why Plaintiff's moderate CPP difficulties did not translate into a limitation in the RFC, *Mascio* and *Shinaberry* suggest remand. *See Shinaberry*, 952 F.3d at 121.

Defendant argues that under *Shinaberry*, the ALJ's decision was proper "because the ALJ engaged in a detailed discussion about Plaintiff's mental limitations in light of the evidence in her case," and "explained why the record did not support additional work-related mental limitations." ECF 11, at 5–7. While *Shinaberry* rejected "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC," the Court affirmed that absent such limitations in the RFC, an ALJ must explain why no such limitation is necessary. *See Shinaberry*, 952 F.3d at 121.

Defendant's argument that the discussion of Plaintiff's mental limitations explains "why the record did not support additional work-related mental limitations" is unavailing. ECF 11, at 5–7. Defendant argues that the RFC's CPP limitations were supported by the medical evidence, including Plaintiff's treatment records and Plaintiff's daily activities. *Id.* at 6. Defendant notes that the ALJ explained Plaintiff's mental health treatment history provided Plaintiff's "'stable and largely benign longitudinal clinical presentation' did not support greater restrictions." *Id.* at 7 (citing Tr. 21). Though this may be true, the ALJ never draws this conclusion. While the record evidence may support the ALJ's finding that Plaintiff does not warrant any additional limitations pertaining to Plaintiff's CPP difficulties, the issue in this case is "not whether the record contains evidence that might support the ALJ's conclusions [but] whether the ALJ explained the apparent discrepancy between [the] step three finding and [the] RFC assessment." *Talmo*, 2015 WL 2395108, at *3. Here, as in *Talmo*, the ALJ's decision lacks the necessary explanation of how (if

---

[5] While the *Mascio* court rejected a limitation to "simple, routine *tasks*," 780 F.3d at 638 (emphasis added), the limitation here to "carrying out simple and routine *instructions*," Tr. 20 (emphasis added), is synonymous here, where the ALJ specified that the limitation pertains to Plaintiff's ability to perform work. *See Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) ("Indeed, in some instances, 'tasks' and 'instructions' may, in fact, be synonymous.").

at all) Plaintiff's moderate difficulties in CPP warrant corresponding limitations in the RFC.

Defendant also points to the ALJ's evaluation of the consultative examinations performed by Wendy Schwartz, Ph.D., and Lindsay Leddy, APRN, which show Plaintiff's "adequate mental functioning" and "good concentration," and of the administrative medical findings of Pamela Steadman-Wood, Ph.D., which the ALJ found persuasive. ECF 11, at 7–8 (citing Tr. 19, 22, 23). But the ALJ's reliance on these medical opinions and findings does not cure the ALJ's error here. For example, Dr. Steadman-Wood indicated that despite her CPP limitations, Plaintiff "retain[s] the mental capacity to carry out simple tasks for two hour periods over an 8 hour day/40 hour week at a non-pressured work pace" and "will perform best in a low stimulus environment" due to anxiety and distractibility. Tr. 90. However, the ALJ's RFC does not include the "non-pressured work pace" limitation. *See* Tr. 20. Though it is possible the ALJ meant for the limitation to "work that is independent in nature, as opposed to tandem or team based," *id.*, to address Plaintiff's CPP difficulties, the opinion is not clear that it does. Further, Dr. Steadman-Wood's opinion itself fails to provide the explanation that *Mascio* mandates.

Finally, Defendant avers Plaintiff's reported abilities and activities of daily living were "inconsistent with the alleged severity of [Plaintiff's] symptoms and limitations." ECF 11, at 8. The short references to activities of daily living fail to explain "how much time she actually spent" performing these activities of daily living or to address "the complexity of th[ese] activit[ies]." *Everlena G. v. Kijakazi*, No. DLB-20-784, 2021 WL 3912277, at *3 (D. Md. Sept. 1, 2021). "As in *Mascio*," the required explanation "is missing here when the ALJ discusses Plaintiff's activities of daily living." *Id.*

In sum, "pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate CPP difficulties, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo*, 2015 WL 2395108, at *3. Here, the ALJ did neither, so remand is required. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

V.     **CONCLUSION**

Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge